David WATERS, Appellant,

v.

CITY OF PIONEER VILLAGE,
Appellee.

No. 2008–CA–000837–MR.

Court of Appeals of Kentucky.

Nov. 20, 2009.

William R. Wilson, Shepherdsville, KY, for appellant.

Mark E. Edison, Shepherdsville, KY, for appellee.

Before CLAYTON, MOORE, and VANMETER, Judges.

## OPINION

CLAYTON, Judge.

David Waters ("Waters") has appealed from the Bullitt Circuit Court's order granting a judgment against him for the breach of an employment contract. Because the trial court correctly interpreted the applicable statute, we affirm.

Waters executed an employment contract providing that Waters would maintain employment as a police officer with the City of Pioneer Village (the "City") for two years starting from the date that he completed his training with the Department of Criminal Justice Training Academy (the "Academy"). Waters further agreed that if he breached the employment agreement, he would be accountable for repaying the City for the amount of money it cost to send Waters to the Academy and "other costs as it is explained to" Waters. Waters would also have to repay the wages he received while attending the Academy, as well as the costs of equipment usage and gas used to transport Waters to and from the Academy.

Waters completed his training at the Academy on July 2, 2004, and thereafter resigned from employment with the City on December 13, 2004, accepting employment with the Commerce Cabinet's Department of Parks (the "Parks") as a park ranger. The City filed suit against Waters in Franklin Circuit Court for $14,992.34, plus costs and attorneys' fees, the amount the City claimed it was owed under the employment contract. The City also filed suit against the Parks pursuant to Kentucky Revised Statutes (KRS) 70.290, which provides that when a police officer has entered into a contract with one agency and subsequently becomes employed as a peace officer at another agency, that agency must reimburse the agency who initially hired the employee for the actual costs incurred in hiring the employee. The suit against the Parks was subsequently dismissed by the Franklin Circuit Court for lack of jurisdiction as the court found that the Parks was entitled to sovereign immunity.

The case was thereafter transferred to Bullitt Circuit Court, and a bench trial was conducted on May 2, 2007, during which Waters did not appear or participate. A judgment was entered against Waters on June 20, 2007, for $14,992.34, plus court costs and attorneys' fees in the amount of

$4,575.00. This judgment was set aside based on Waters' assertion of lack of notice of the suit. The parties agreed to tender a joint stipulation of facts and memoranda in support of their respective positions, at which time the matter would stand submitted to the trial court.

After the filing of the various memoranda by the parties, the trial court entered an order on April 1, 2008, again awarding a judgment to the City in the amount of $14,992.34, plus court costs and attorneys' fees. Waters appeals from this order, claiming that KRS 70.290 prohibits the City from seeking reimbursement from Waters, or, in the alternative, that the court failed to correctly calculate the appropriate damages amount.

■ On appeal, if a trial court's findings are supported by substantial evidence, those findings will be upheld as not being clearly erroneous. *Owens–Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky.1998); Kentucky Rules of Civil Procedure (CR) 52.01. "With regard to the trial court's application of law to those facts, [this Court will] engage in a *de novo* review." *Keeney v. Keeney*, 223 S.W.3d 843, 848–49 (Ky.App.2007).

■ Keeping this standard in mind, we will examine Waters' claims of error. Waters first claims that KRS 70.290 prohibits the City from seeking repayment of the amounts owed under the contract by Waters. KRS 70.290 allows a law enforcement agency to require a newly-appointed officer to enter into an employment contract for no longer than three years from the date of graduation from the Academy. The statute further states the following:

(b) If a deputy sheriff or peace officer who has entered into a contract authorized under this subsection accepts employment as a peace officer with another law enforcement agency, that law enforcement agency shall reimburse the law enforcement agency that initially hired the deputy sheriff or peace officer for the actual costs incurred and expended which are associated with the initial hiring of that officer, including but not limited to the application process, training costs, equipment costs, salary and fringe benefits. The law enforcement agency that initially hired the deputy sheriff or peace officer shall be reimbursed for the costs from the time of the deputy sheriff or peace officer's initial application until graduation from the Department of Criminal Justice Training.

■ In the case at bar, we will review the trial court's construction of KRS 70.290 *de novo*. There is no caselaw interpreting this statute, so we must utilize established methods of statutory construction. As this Court has previously held, "[i]n construing a statute, the courts are 'guided by the two paramount rules of statutory construction, that is, that words must be afforded their plain, commonly accepted meaning and that statutes must be construed in such a way as to carry out the intent of the legislature[.]' " *McLain v. Dana Corp.*, 16 S.W.3d 320, 326 (Ky.App. 1999) (quoting *Chambers v. Com., ex rel. Twehues*, 723 S.W.2d 868, 870 (Ky.App. 1986)). The courts of this Commonwealth are "not at liberty to add or subtract from the legislative enactment nor [to] discover meaning not reasonably ascertainable from the language used." *Beckham v. Board of Educ. of Jefferson County*, 873 S.W.2d 575, 577 (Ky.1994).

In this case, the issue that was ultimately addressed by the trial court, and the issue that must ultimately be addressed by this Court, is whether KRS 70.290 provides the sole means of reimbursement to the City for expended training costs, or whether the City may obtain reimburse-

ment pursuant to the employment contract between the parties. The plain language of the statute states the statute's requirement: *"that* law enforcement agency shall reimburse the law enforcement agency that initially hired the ... peace officer[.]" (Emphasis added). Here, *"that* law enforcement agency" was the Parks. However, the Franklin Circuit Court ultimately held that the court did not have jurisdiction under principles of sovereign immunity to require the Parks to reimburse the City. Therefore, the construction of the statute set forth by Waters would leave the City unable to recover from Waters under the valid employment agreement between the parties, while also barring the City from recovering from the law enforcement agency named in the statute, leaving the City with no remedy to recover its investment in Waters.

 Additionally, we agree with the trial court that the "shall reimburse" language places a duty on the second agency to pay the first, but it does not necessarily place a duty on the first agency to obtain payment from the second. As stated by the trial court, "[t]o hold that this language precludes the City from enforcing a contract it had every right to create, and one which Mr. Waters clearly signed, reads too much into the statute." Waters' interpretation does not comport with the plain language of the statute and does not carry out the intent of the legislature of aiding law enforcement agencies in retaining trained officers and helping agencies save on training costs associated with hiring new officers.

Waters further argues that the trial court failed to properly calculate the amount of damages under KRS 70.290(1)(c), which states that "[t]he amount of reimbursement *authorized by this subsection* ... shall be reduced by the cost of the training provided by the De-partment of Criminal Justice Training for the subject officer." (Emphasis added). Because we are holding that the City is entitled to be reimbursed under the employment contract rather than under the statute, any amounts recovered are pursuant to the contract, and the language in the statute regarding the subtraction of the costs of training provided by the Academy is not applicable. As stated by the Kentucky Supreme Court, "[i]n the absence of ambiguity a written instrument will be enforced strictly according to its terms[.]" *Frear v. P.T.A. Industries, Inc.,* 103 S.W.3d 99, 106 (Ky.2003) (quoting *O'Bryan v. Massey–Ferguson, Inc.,* 413 S.W.2d 891, 893 (Ky.1966)). The employment agreement was unambiguous, and the City presented evidence demonstrating that it paid $14,992.34 in costs associated with training Waters. Therefore, Waters is contractually required under the employment agreement to pay those costs.

Based on the foregoing, we affirm.

ALL CONCUR.